## Commonwealth v. Moses, etc.

R. *Paul Lessy*, for Commonwealth.

*Jacob Sapovitz* and *Samuel Rose*, for defendant.

TOAL, J., March 15, 1955.—The court in this case was requested to sit as a committing magistrate to hear testimony against defendant under the Unfair Cigarette Sales Act. The Commonwealth seeks to convict defendant of a violation of the Act of May 20, 1949, P. L. 1584, 73 PS §231.1 et seq.

Section 231.3, *Sales at Less Than Cost*, provides:

(a) "It shall be unlawful for any *retailer* or *wholesaler*, with intent to injure competitors or destroy or substantially lessen competition, to advertise, offer to sell or sell, at retail or wholesale, cigarettes at less than cost to such *retailer* or *wholesaler*, as the case may be."

"(b) "Evidence of advertisement, offering to sell or sale of cigarettes by any *retailer* or *wholesaler* at less than cost to him shall be prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition": Act of May 20, 1949, P. L. 1584, sec. 3. (Italics supplied.)

The act further provides, section 231.14, *Penalty*, as follows:

"Any *retailer* or *wholesaler* who shall advertise, offer to sell or sell cigarettes at retail or wholesale in violation of the provisions of this act shall, for a first offense, upon summary conviction thereof, be sentenced to pay a fine. . . . Each advertisement, offer for sale or sale of cigarettes in violation of the provisions of this act shall constitute a separate violation of the provisions of this act and shall subject the offender to the penalties hereby prescribed. Proof of any such advertisement, offer to sell or sale by any retailer or wholesaler in contravention of the policy of this act shall be prima facie evidence of a violation of this act." (Italics supplied.)

The only evidence in the case was offered by the Commonwealth and may be stated as follows: A druggist in the City of Chester testified that he met defendant during July 1954, having been referred to him by another druggist. Defendant came to the drug store and told the druggist that he had cigarettes for sale. He came there three or four times and on each occasion defendant sold the druggist cigarettes by the carton. On October 1, 1954, defendant came to the drug store and sold the druggist 46 cartons of cigarettes for $2.07 per carton, less 10 cents. It was admitted that the Department of Revenue had made a cost survey for the area in which Chester was located and had fixed $2.07 per carton as the minimum price a wholesaler, selling cigarettes, could lawfully charge a retailer for each carton of cigarettes and comply with the requirements of the fair trade prices. Defendant allowed the druggist

10 cents a carton reduction below the established wholesale cost for the area covered and, therefore, violated the provisions of the act as to a sale price below which he could not lawfully sell the cigarettes in question to a retailer.

While the evidence of the Commonwealth shows that an individual, known as defendant, sold cigarettes to the druggist who was a retailer below wholesale cost, there appears to be a gap in the proof offered by the Commonwealth, namely, proof that defendant, at the time he made the unlawful sale of cigarettes was in fact, under the terms of the act a "wholesaler".

In order for the defendant to be convicted in this case, the Commonwealth must prove that he is either a "wholesaler" or a "retailer" as defined by the act.

The act clearly defines the word "wholesaler". (1) He must purchase cigarettes direct from a manufacturer or from any other person who purchases from a manufacturer, and (2) he must sell at least 75 percent of all such cigarettes purchased by him to others for resale.

The act defines the word "Retailer" as follows: " 'Retailer' shall mean and include any person who sells cigarettes at retail."

"To sell at retail" is stated in the act to mean and include any sale of cigarettes for consumption or use, made in the ordinary course of trade or usual conduct of the seller's business.

Therefore, a "Wholesaler" sells to a "Retailer" who in turn sells to a "Consumer" in the usual conduct of the "Retailer's" business, for consumption or use by the "Consumer". This presupposes that the consumer is the person who uses or consumes the cigarettes by smoking them.

In the instant case, the Commonwealth proved only that a person named Jack Moses sold certain cartons

of cigarettes for less than the fair trade wholesale cost to a druggist in Chester. No proof was offered as to the source of the cigarettes and it is apparent that the Commonwealth failed to prove that defendant purchased them from a manufacturer or from any other person who purchased them from a manufacturer. No proof was offered to show that defendant sold at least 75 percent of all such cigarettes purchased by him to others for resale.

It is manifest under the evidence in this case that the Commonwealth failed or was unable to prove that defendant qualified as a "Wholesaler" as defined by the act.

To endeavor to qualify defendant as a "Retailer" under the facts of this case is certainly to attempt the impossible. The facts clearly show that the druggist was a "Retailer" and therefore, defendant sold him the cigarettes not for consumption or use but for resale.

In construing statutes, words are to be taken in their ordinary sense, unless, from a consideration of the whole act, it appears that a different meaning was intended: Baker et al. v. Kirschnek et al., 317 Pa. 225.

As the court must, under the facts of this case, rule that defendant, Jack Moses, alias Harry Cohen, is neither a "Wholesaler" nor "Retailer", under the provisions of the Unfair Cigarettes Sales Act, he must be found not guilty of any violation of the act. Accordingly the following order is made:

And now, March 15, 1955, the court, having sat as a committing magistrate in the case of Commonwealth v. Moses, etc., March sessions, 1955, no. 3, and after hearing the evidence, it is hereby ordered, adjudged and decreed as follows:

1. That defendant, Jack Moses, alias Harry Cohen, be and he is hereby found not guilty and directed to be discharged, and

2. That the costs be paid by the County of Delaware.